USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  __01/09/2023__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
MICHAEL OBREMSKI,                       :

                                :    **OPINION AND**

            Plaintiff,      :    **ORDER**

                                :

                                :    20-CV-3902 (JLC)

    -v.-                           :

                                :

ACTING COMMISSIONER OF SOCIAL  :
SECURITY,                            :

                                :

           Defendant.     :
-------------------------------------------------------------X

**JAMES L. COTT, United States Magistrate Judge.**

      Following a remand for further administrative proceedings and the subsequent award of benefits, Michael Obremski has now moved for approval of attorney's fees pursuant to 42 U.S.C. § 406(b) in this social security case.  For the reasons set forth below, I award attorney's fees to Obremski's counsel in the amount of $40,342.25 and direct counsel, upon receipt of this sum, to promptly refund to Obremski the sum of $7,486.39, which is the amount of attorney's fees previously awarded to Obremski's counsel under the Equal Access to Justice Act.

## I.  BACKGROUND

### A.  Facts & Procedural History

      On November 30, 2016, Obremski filed an application for social security disability benefits.  Administrative Record ("AR"), Dkt. No. 14, at 226, 356–62. After the Social Security Administration ("SSA") denied his claim on February 23,

1

2017, Obremski requested a hearing before an Administrative Law Judge ("ALJ"). *Id.* at 244–46.  On January 23, 2019, following a hearing, the ALJ denied his claims and Obremski appealed the decision.  *Id.* at 1–3.  The Appeals Council denied his appeal on March 19, 2020.  *Id.*  Obremski retained Binder & Binder LLP ("Binder") as his counsel on May 9, 2020.  Affirmation in Support of Motion for Attorney's Fees ("Binder Aff."), Dkt. No. 37-1, Exhibit ("Ex.") A.

Obremski filed a federal complaint on May 19, 2020.  Dkt. No. 1.  On July 9, 2020, the parties consented to my jurisdiction.  Dkt. No. 10.  On July 27, 2021, after the parties cross-moved for judgment on the pleadings, I issued an opinion and order granting plaintiff's motion, denying the Commissioner's cross-motion, and remanding the case for further proceedings.  Dkt. No. 26.  On December 1, 2021, the parties stipulated that the SSA would pay $7,486.39 in attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.  Dkt. No. 35.

Upon remand, the SSA determined that Obremski became disabled on November 4, 2016.  Notice of Award, Dkt. No. 37-1, Ex. C.  As part of a retainer agreement, Obremski agreed to pay 25% of the past due benefits payable to him as payment to Binder for legal services.  *See* Binder Aff., Ex. A, ¶ 3.  By Notice of Award dated September 3, 2022, the SSA informed Obremski that he was entitled to past due benefits of which it withheld $40,342.25 (25% of the past due benefits) "to pay [his representative]."  Notice of Award at 4.

On September 20, 2022, Obremski moved for attorney's fees pursuant to 42 U.S.C. § 406(b).  Dkt. No. 36.  In his motion papers, Obremski requests that the

Court authorize attorney's fees in the amount of $40,342.25.  Binder Aff. ¶ 12.  On November 1, 2022, the Commissioner filed a response to Obremski's motion, deferring to the Court's determination regarding the reasonableness of the requested fee.  Defendant's Response to Plaintiff's Counsel's Motion ("Comm'r. Resp."), Dkt. No. 43.

## II. DISCUSSION

### A. Legal Standards

Pursuant to Section 206(b) of the Social Security Act, "[w]henever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation," as long as the fee does not exceed "25 percent of the total of the past-due benefits to which the claimant is entitled[.]"  42 U.S.C. § 406(b)(1)(A).  However, even if the claimant agreed to a contingency fee arrangement, Section "406(b) calls for court review of such arrangements as an independent check."  *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002).  To do so, courts must first determine whether "the contingency percentage is within the 25% cap . . . [and] whether there has been fraud or overreaching in making the agreement."  *Dorta v. Saul*, No. 18-CV-396 (JLC), 2021 WL 776446, at *1 (S.D.N.Y. Mar. 1, 2021) (quoting *Wells v. Sullivan*, 907 F.2d 367, 372 (2d Cir. 1990)).[1]

---

[1] In addition, the Second Circuit has held that the 14-day filing period for attorneys' fees set forth in Federal Rule of Civil Procedure 54(d)(2)(B) is applicable to § 406(b) motions.  *See Sinkler v. Comm'r of Soc. Sec.*, 932 F.3d 83, 89 (2d Cir. 2019).  "[T]he fourteen-day filing period starts to run when the clamant receives notice [from the agency] of the benefits calculation."  *Sinkler*, 932 F.3d at 91.  In this case, Obremski's motion was filed on September 20, 2022, 17 days after the SSA's

A court must then consider the following factors to determine the reasonableness of a requested award:

> 1) whether the requested fee is out of line with the "character of the representation and the results the representation achieved"; 2) whether the attorney unreasonably delayed the proceedings in an attempt to increase the accumulation of benefits and thereby increase his own fee; and 3) whether "the benefits awarded are large in comparison to the amount of time counsel spent on the case," the so-called "windfall" factor.

*Nieves v. Colvin*, No. 13-CV-1439 (WHP) (GWG), 2017 WL 6596613, at *1 (S.D.N.Y. Dec. 26, 2017) (quoting *Gisbrecht*, 535 U.S. at 808), *adopted by* 2018 WL 565720 (Jan. 24, 2018); *see also Wells*, 907 F.2d at 371 ("best indicator of the 'reasonableness' of a contingency fee in a social security case is the contingency percentage actually negotiated between the attorney and client"). With respect to the third factor – whether a requested fee would be a "windfall" – courts consider several factors, including:

> 1) whether the attorney's efforts were particularly successful for the plaintiff, 2) whether there is evidence of the effort expended by the attorney demonstrated through pleadings which were not boilerplate and through arguments which involved both real issues of material fact and required legal research, and finally 3) whether the case was handled efficiently due to the attorney's experience in handling social security cases.

---

September 3, 2022 Notice of Award letter. Therefore, accounting for the three-day mailing period, as the Commissioner observes, Obremski's motion is timely. Comm'r Resp. at 2.

*Dorta*, 2021 WL 776446, at *2 (quoting *Joslyn v. Barnhart*, 389 F. Supp. 2d 454, 456–57 (W.D.N.Y. 2005)).[2]

An attorney may receive fee awards under both the EAJA and § 406(b), but where the attorney receives two fee awards for the same work, he must "refun[d] to the claimant the amount of the smaller fee." *Gisbrecht*, 535 U.S. at 796 (citation omitted). Notably, § 406(b)'s 25% cap applies only to fees awarded for federal court work and not the aggregate amount of fees under both § 406(a) and § 406(b). *See Culbertson v. Berryhill*, 139 S. Ct. 517, 522 (2019).

**B. Analysis**

**1.    Reasonable Attorney's Fees**

As a threshold matter, the requested fee is equal to the 25% negotiated in the contingency fee agreement between Obremski and Binder, and, as the Commissioner notes, there is no evidence of "fraud or overreaching" in the agreement. *Wells*, 907 F.2d at 372; Comm'r Resp. at 3. Moreover, in this case, the reasonableness factors weigh in favor of approving the attorney's fees request.

With respect to the quality of representation, Binder reviewed an 888-page administrative record, moved successfully for a remand to the SSA, and ultimately secured an award of past due benefits. *See, e.g., Cruz v. Saul*, No. 17-CV-3951

---

[2] The Second Circuit recently directed that in determining whether a requested fee award is a windfall, a district court must consider more than the lodestar calculation and *de facto* hourly rate. *Fields v. Kijakazi*, 24 F.4th 845, 854 (2d Cir. 2022). Instead, a "court's primary focus should be on the reasonableness of the contingency agreement in the context of the particular case." *Id.* at 853 (quoting *Wells*, 907 F.2d at 371). "[E]ven a relatively high hourly rate may be perfectly reasonable, and not a windfall, in the context of any given case." *Id.* at 854.

(GBD) (JLC), 2020 WL 3965345, at *2 (S.D.N.Y. Jul. 14, 2020) (attorney provided quality representation after reviewing record and securing remand that resulted in award of past due benefits), *adopted by* 2020 WL 6491692 (Nov. 4, 2020). Moreover, there is nothing in the record to suggest that counsel unreasonably delayed the proceedings.

With respect to whether the requested fees may amount to a "windfall," Binder's efforts were "particularly successful" given that they ultimately secured Obremski $161,369 in past due benefits. Binder Aff. ¶ 11, Ex. C; *see, e.g., Fields*, 24 F.4th at 855 (attorneys' efforts were "particularly successful" when claimant received fully favorable decision from SSA and six-figure award of past-due benefits); *Dorta*, 2021 WL 776446, at *2 (attorney's efforts were "particularly successful" when he secured more than $100,000 in past due benefits for claimant) (citing *Gisbrecht*, 535 U.S. at 808).

Additionally, in this case Obremski's counsel expended 35.4 hours for services at the district court level. Binder Aff. ¶¶ 7–10. This amounts to a *de facto* hourly rate of $1,139.61 ($40,342.25 divided by 35.4 hours), Comm'r Resp. at 3, which "is within the range of effective hourly rates that have previously been deemed reasonable by courts in this Circuit." *Dorta*, 2021 WL 776446, at *2; *see also Muniz v. Comm'r of Soc. Sec.,* No. 18-CV-8295 (KMK) (PED), 2020 WL 8340078, at *3–4 (S.D.N.Y. Dec. 15, 2020) (hourly rate of $1,257.15 not windfall) (collecting cases), *adopted by* 2021 WL 293381 (Jan. 28, 2021); *Valle v. Colvin*, No. 13-CV-2876 (JPO), 2019 WL 211841, at *3 (S.D.N.Y. May 15, 2019) (awarding *de facto* rate of

$1079.72); *Nieves*, 2017 WL 6596613, at *2–3 (awarding *de facto* rate of $1,009.11).[3]

Given counsel's experience, as outlined in the Binder affirmation, Binder Aff. ¶¶ 8,

10, the requested fees are reasonable. *Fields*, 24 F.4th at 854 (finding requested

fees reasonable when attorneys' "specialization and expertise" allowed them to

operate efficiently). Lastly, contingency agreements, like the one here, present

risks of non-payment, and therefore "any reasonable fee award must take account of

that risk." *Nieves*, 2017 WL 6596613, at *2 (quoting *Wells*, 907 F.2d at 371).

### 2.    Return of EAJA Award

With respect to the previous $7,486.39 EAJA fee award, where a plaintiff's

counsel received fees for the same work before a district court under the EAJA and

§ 406(b), it is well-settled that counsel must refund to the claimant the amount of

the smaller fee. *See Gisbrecht*, 535 U.S. at 796 ("Congress harmonized fees payable

by the Government under EAJA with fees payable under § 406(b) out of the

claimant's past-due Social Security benefits in this manner: Fee awards may be

made under both prescriptions, but the claimant's attorney must refund to the

claimant the amount of the smaller fee.").

### III. CONCLUSION

For the reasons set forth above, the motion for attorney's fees is granted.

Obremski's counsel is hereby awarded the sum of $40,342.25 in fees, representing

25% of the past due benefits awarded to Obremski, and that such fees should be

---

[3] In future applications, plaintiff's counsel should provide these calculations (the *de facto* hourly rate) as part of their motion papers.

paid to Charles E. Binder, Esq, Obremski's counsel.  Upon receipt of this sum, Obremski's counsel is directed to refund the previously awarded EAJA fees of $7,486.39 to Obremski.

The Clerk is directed to close Docket No. 36 and mark it as "granted."

**SO ORDERED.**

Dated: January 9, 2023
        New York, New York

_____
JAMES L. COTT
United States Magistrate Judge